[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12000
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00271-RH-MJF

CHRISTOPHER CHESTNUT,

Plaintiff-Appellant,

versus

CHARLES CANADY,
Justice,
RICKY POLSTON,
Justice,
JORGE LABARGA,
Justice,
C. ALAN LAWSON,
Justice,
BARBARA LAGOA,
Justice, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 28, 2021)

Before JILL PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Chestnut, proceeding *pro se*, appeals the dismissal of his

42 U.S.C. § 1983 action against several current and former Florida Supreme Court

Justices and the Clerk of the Florida Supreme Court.  On appeal, Chestnut argues

that the district court erred in dismissing his complaint under the *Rooker-Feldman*[1]

doctrine and that it abused its discretion in alternatively dismissing his complaint

under the *Younger*[2] abstention doctrine.  We agree that *Rooker-Feldman* does not

apply to this case.  But we conclude that the district court did not abuse its

discretion when it dismissed the complaint under the *Younger* abstention doctrine;

thus, we affirm.[3]

### I.    BACKGROUND

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

[3] Appellees also argue that Chestnut's suit is barred by Eleventh Amendment and judicial immunity.  Because we decide the case on *Younger* abstention grounds, we do not address this argument.

2

This case arises out Chestnut's permanent disbarment from the Florida Bar. Following three findings of probable cause by grievance committees, the Florida Bar filed three complaints against Chestnut in the Florida Supreme Court ("FSC"). The FSC appointed referees to conduct evidentiary hearings in the cases. Those referees found Chestnut guilty of violating the disciplinary rules of the Florida Bar in nine of the 11 matters. The FSC approved the referees' findings of fact and recommendations as to guilt and ordered that Chestnut be disbarred on May 3, 2019. Chestnut filed a motion for rehearing on May 20, 2019, which was denied on August 2, 2019.

While these three original disciplinary complaints were pending before the FSC, the Florida Bar filed a fourth complaint against Chestnut, based on new probable cause findings from grievance committees. As with the other complaints, the FSC appointed a referee who found Chestnut violated Florida Bar rules in three of four cases. In response to this finding, the FSC entered an order permanently disbarring Chestnut on August 22, 2019. Chestnut filed a motion for rehearing, which was denied on November 18, 2019.

Before he was disbarred but while disciplinary complaints against him were pending, on June 4, 2019, Chestnut filed in the United States District Court for Northern District of Florida the instant § 1983 action against the Justices and Clerk of the FSC. Following two amendments, the operative complaint was filed on

3

January 31, 2020.  In that complaint, Chestnut alleged the Justices and the Clerk violated his due process rights in disbarring him.  He requested that the court void the orders to disbar him and enjoin "the Justices on the Supreme Court of Florida from enforcing the sanction of disbarment and permanent disbarment."  Doc. 13 at 46.[4]

The Justices filed a motion to dismiss Chestnut's second amended complaint for lack of subject matter jurisdiction and failure to state a claim.  They argued, among other things, that they were protected by Eleventh Amendment and judicial immunity.  They also argued that the district court should decline to consider the claim under the *Rooker-Feldman* doctrine, which prevents district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Ultimately, the district court granted the motion to dismiss on the ground that the suit was barred by *Rooker-Feldman*.  The district court held in the alterative that, to the extent that *Rooker-Feldman* was inapplicable, the suit would be barred by the *Younger* abstention doctrine.

This is Chestnut's appeal.

## II.    STANDARD OF REVIEW

---

[4] "Doc." numbers refer to the district court's docket entries.

We review *de novo* dismissals for lack of subject matter jurisdiction pursuant to *Rooker-Feldman*. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). We review the district court's decision to apply *Younger* abstention for an abuse of discretion. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). A district court abuses its discretion when it makes an error of law. *United States v. Pruitt*, 174 F.3d 1215, 1219 (11th Cir. 1999).

## III.   DISCUSSION

On appeal, Chestnut argues that the district court erred in ruling that this case was barred by the *Rooker-Feldman* doctrine because the disbarment matter was ongoing when he filed this § 1983 suit. He also argues that the district court abused its discretion when it ruled in the alternative that the case should be dismissed under the *Younger* abstention doctrine. We address each of these questions in turn.

### A. Chestnut's Suit Is Not Barred by the *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine precludes a federal court, other than the Supreme Court, from exercising jurisdiction over a claim brought by an unsuccessful party in a state court case. *See Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262–63 (11th Cir. 2012). The *Rooker-Feldman* doctrine only applies when the state court proceedings have ended prior to the district court proceeding. *Nicholson*, 558 F.3d at 1278. In determining whether the *Rooker-*

5

*Feldman* doctrine applies, we look to when the initial complaint is filed in federal court, rather than the date of any amended complaints. *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 n.3 (11th Cir. 2013). State proceedings have not ended if an appeal from the state court judgment is pending at the time that the plaintiff commences the federal court action. *Nicholson*, at 1278–79.

Chestnut originally filed this case on June 4, 2019. At that time, his motion for rehearing on his initial disbarment and the complaints against him that led to his permanent disbarment were pending before the FSC. Although Chestnut filed an amended complaint after his motions for rehearing were denied, his state court proceedings had not ended when he filed his initial complaint. Thus, the *Rooker-Feldman* doctrine does not apply here; Chestnut was not a "state-court loser[]" when his case was still pending in state court. *Exxon Mobil*, 544 U.S. at 284.

## B. The District Court Did Not Abuse Its Discretion in Dismissing Chestnut's Complaint Under the *Younger* Abstention Doctrine.

After determining that Chestnut's case was barred by the *Rooker-Feldman* doctrine, the district court alternatively held that "if *Rooker-Feldman* is deemed inapplicable here on the ground that the Florida Supreme Court proceeding was still pending when this federal action was filed," the case would still be barred by the *Younger* abstention doctrine. Doc. 21 at 3. On appeal, Chestnut argues that the district court abused its discretion by determining that *Younger* abstention applies here because (1) *Younger* abstention is inappropriate when the district court has

6

jurisdiction under 28 U.S.C. § 1343, which gives district courts original jurisdiction over certain civil rights actions, and (2) the bad faith exception to *Younger* abstention applies in this case. We disagree.

*Younger* abstention applies where (1) the state judicial proceedings are ongoing, (2) those proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *31 Foster Children*, 329 F.3d at 1274. As with the *Rooker-Feldman* doctrine, we look to the date the initial complaint was filed to determine if a case is ongoing. *Liedel v. Juvenile Court of Madison Cty., Ala.*, 891 F.2d 1542, 1546 n.6 (11th Cir. 1990). The plaintiff has the burden to show that the state proceeding will not provide him an adequate remedy for his federal claim. *31 Foster Children*, 329 F.3d at 1279. Generally, in the absence of authority to the contrary, a federal court should assume that a state's procedures will afford the plaintiff an adequate remedy. *Id.*

The district court made no error of law in ruling that *Younger* abstention applied to Chestnut's § 1983 action. State judicial proceedings against Chestnut were ongoing when he filed his initial complaint in June 2019. Supreme Court precedent instructs that state disciplinary proceedings against attorneys implicate important state interests for the purposes of *Younger* abstention. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 434–35 (1982). And

7

although Chestnut provides a history of racial discrimination in southern state courts in his appellate brief, he does not point to any state procedures or other authorities that indicate he did not have an opportunity to raise these claims in his state proceeding. Indeed, he made some of the same due process arguments before the FSC.

Chestnut nonetheless argues that *Younger* abstention should not apply here because the district court had original jurisdiction over the matter under 28 U.S.C. § 1343. This is incorrect. *Younger* and its progeny are only implicated after the district court has concluded it has jurisdiction. It is the nature of the state proceedings, not the district court's jurisdiction, that a court analyzes when determining if it should abstain under *Younger*. *See id.* at 431–32. As such, the statute that granted the district court jurisdiction of this case does not alter our *Younger* analysis.

Chestnut also argues that this case falls under the bad faith exception to *Younger*. Here, too, we disagree. A proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction. *Redner v. Citrus County, Fla.*, 919 F.2d 646, 650 (11th Cir. 1990). The bad faith exception requires a substantial allegation that shows actual bad faith. *See Younger*, 401 U.S. at 48. Chestnut has provided us with no evidence that the disciplinary proceedings against him were brought without a reasonable

expectation of obtaining a finding of guilt. Based on the record before us, the Florida Bar appeared to have ample evidence that Chestnut had engaged in alleged misconduct before filing the complaint with the FSC. Therefore, the bad faith exception does not apply.

Chestnut's action meets the three requirements for *Younger* abstention: At the time of filing, (1) there was an ongoing state proceeding that (2) implicated an important state interest and (3) those proceedings provided adequate opportunity for Chestnut to be heard. Chestnut's arguments about jurisdiction and bad faith are unavailing. As such, we cannot say that the district court abused its discretion in abstaining from the case.

## IV.    CONCLUSION

For the foregoing reasons, the district court's order of dismissal based on *Younger* abstention is affirmed.

**AFFIRMED.**

9